1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6   MATTHEW DOUGLAS,                                    Case No. 2:25-cv-00567-MMD-MDC

7                                        Petitioner,                    ORDER

8       v.

9   JEREMY BEAN, *et al.*,

10                                       Respondents.

11          Matthew Douglas, an individual incarcerated at High Desert State Prison, has

12   submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-

13   1 ("Petition")), and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1). The

14   Court will deny Douglas's IFP application because it does not include the required

15   financial certificate signed by an authorized prison officer. *See* LSR 1-2. And the Court

16   will summarily dismiss this action without prejudice because it is plain that all of Douglas's

17   claims are unexhausted in state court.

18          The court conducts an initial review of a habeas petition and orders a response

19   unless it plainly appears from the petition and attached exhibits that the petitioner is not

20   entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); Rule 4 of

21   the Rules Governing Section 2254 Cases ("Habeas Rules") ("If it plainly appears from the

22   petition and any attached exhibits that the petitioner is not entitled to relief in the district

23   court, the judge must dismiss the petition . . . ."). A procedurally defective petition may be

24   dismissed summarily. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see

25   also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to

26   dismiss summarily any habeas petition that appears legally insufficient on its face.").

27          Douglas's Petition includes three grounds for relief, in all three of which he claims

28   that his federal constitutional rights have been violated by the manner in which his prison

sentence has been calculated and/or in state court proceedings in which he has sought relief. (ECF No. 1-1 at 3-8.) All three grounds are unexhausted in state court.

A federal court generally may not grant habeas corpus relief on a claim not exhausted in state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

In his first ground for relief, Douglas claims his constitutional right to due process of law has been violated by Respondents' treatment of four leap years in calculating his sentence. (ECF No. 1-1 at 3.) Douglas alleges that he asserted this claim in two state habeas petitions, one filed March 4, 2024, and the other filed October 29, 2024, and in a motion to modify or correct illegal sentence, and that he has appealed the denial of relief, but there is no indication that the appeal has concluded. (*Id*. at 4; *see also id*. at 1, 10-28 (attaching documents from state district court proceedings, but not from any state appellate proceedings, despite the instruction in the form petition to attach copies of "all state court written decisions regarding this conviction.").)

In his second ground for relief, Douglas claims his constitutional right of access to the courts has been violated because one of his state habeas petitions was denied without oral argument. (*Id*. at 5.) Putting aside that this is likely not a claim cognizable in a federal habeas action, it is plain that Douglas has not asserted this claim in state court. (*Id*. at 6.)

And in his third ground for relief, Douglas claims that his constitutional right to be free of double jeopardy has been violated because his sentence, as calculated by Respondents, violates Nevada's "40% rule." (*Id*. at 7.) Douglas alleges that he asserted this claim in his March 4, 2024, state habeas petition but that he did not raise the claim

2

1    on appeal from the denial of relief in that case, and he acknowledges that he did not

2    assert this claim in his October 29, 2024, state habeas petition. (*Id.* at 8.)

3          Given that all of Douglas's claims are unexhausted in state court, the Petition fails

4    to state a claim upon which habeas corpus relief could be granted. This action will be

5    dismissed without prejudice. If Douglas wishes to initiate a new petition for writ of habeas

6    corpus in this Court, after exhausting his claims in state court, he must submit a petition

7    on the correct form, and he must either pay the filing fee or file a fully completed

8    application to proceed *in forma pauperis*, also on the correct form, including the required

9    financial certificate. If he does so, Douglas should not put the case number of this case

10   on the documents he submits to initiate the new action.

11         It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis*

12   (ECF No. 1) is denied.

13         It is further ordered that this action is dismissed without prejudice.

14         It is further ordered that Petitioner is denied a certificate of appealability because

15   no reasonable jurist would find this ruling to be debatable or wrong.

16         The Clerk of Court is directed to enter judgment accordingly and close this case.

17         The Clerk of Court is further directed to serve a copy of this order on the Attorney

18   General of the State of Nevada. The Attorney General need take no action with respect

19   to this case.

20          DATED THIS 7th Day of April 2025.

21

22

23                                         MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE
24

25

26

27

28
                                          3